ERIC GRANT
United States Attorney
ROBERT ABENDROTH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

**FILED**
Jun 25, 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**SEALED**

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAMES SUTHERLAND,

Defendant.

CASE NO. 2:26-cr-0108-DC

18 U.S.C. § 1956(a)(3) – Money Laundering (Four Counts); 18 U.S.C. § 982(a)(1) – Criminal Forfeiture

I N D I C T M E N T

COUNT ONE: [18 U.S.C. § 1956(a)(3) – Money Laundering]

The Grand Jury charges: T H A T

JAMES SUTHERLAND,

defendant herein, on or about December 8, 2023, in Sacramento County, within the State and Eastern District of California, and elsewhere, with the intent to conceal and disguise the nature, location, source, ownership, and control, of property believed to be the proceeds of specified unlawful activity, did knowingly conduct a financial transaction affecting interstate and foreign commerce involving property represented by a law enforcement officer to be proceeds of specified unlawful activity, specifically, the intentional access of a computer without authorization to obtain information from any protected computer, in violation of 18 U.S.C. § 1030(a)(2)(C), all in violation of Title 18, United States Code, Sections 1956(a)(3)(B).

COUNT TWO: [18 U.S.C. § 1956(a)(3) – Money Laundering]

The Grand Jury further charges: T H A T

JAMES SUTHERLAND,

defendant herein, on or about March 13, 2024, in Sacramento County, within the State and Eastern District of California, and elsewhere, with the intent to conceal and disguise the nature, location, source, ownership, and control, of property believed to be the proceeds of specified unlawful activity, did knowingly conduct a financial transaction affecting interstate and foreign commerce involving property represented by a law enforcement officer to be proceeds of specified unlawful activity, specifically, the intentional access of a computer without authorization to obtain information from any protected computer, in violation of 18 U.S.C. § 1030(a)(2)(C), all in violation of Title 18, United States Code, Sections 1956(a)(3)(B).

COUNT THREE: [18 U.S.C. § 1956(a)(3) – Money Laundering]

The Grand Jury further charges: T H A T

JAMES SUTHERLAND,

defendant herein, on or about April 2, 2024, in Sacramento County, within the State and Eastern District of California, and elsewhere, with the intent to conceal and disguise the nature, location, source, ownership, and control, of property believed to be the proceeds of specified unlawful activity, did knowingly conduct a financial transaction affecting interstate and foreign commerce involving property represented by a law enforcement officer to be proceeds of specified unlawful activity, specifically, the intentional access of a computer without authorization to obtain information from any protected computer, in violation of 18 U.S.C. § 1030(a)(2)(C), all in violation of Title 18, United States Code, Sections 1956(a)(3)(B).

//

//

//

//

//

//

COUNT FOUR: [18 U.S.C. § 1956(a)(3) – Money Laundering]

The Grand Jury further charges: T H A T

JAMES SUTHERLAND,

defendant herein, on or about June 27, 2024, in Sacramento County, within the State and Eastern District of California, and elsewhere, with the intent to conceal and disguise the nature, location, source, ownership, and control, of property believed to be the proceeds of specified unlawful activity, did knowingly conduct a financial transaction affecting interstate and foreign commerce involving property represented by a law enforcement officer to be proceeds of specified unlawful activity, specifically, the intentional access of a computer without authorization to obtain information from any protected computer, in violation of 18 U.S.C. § 1030(a)(2)(C), all in violation of Title 18, United States Code, Sections 1956(a)(3)(B).

FORFEITURE ALLEGATION: [18 U.S.C. § 982(a)(1) – Criminal Forfeiture]

1. Upon conviction of one or more of the offenses alleged in Counts One through Four of this Indictment, defendant JAMES SUTHERLAND shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property, including but not limited to the following:

a. A money judgment in the amount of $40,000.00.

2. If any property subject to forfeiture, as a result of the offenses alleged in Counts One through Four of this Indictment, for which defendant is convicted:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

//

//

//

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporated by Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

**/s/ Signature on file w/AUSA**

FOREPERSON

Eric Grant

ERIC GRANT
United States Attorney

*No.* 2:26-cr-0108-DC

---

**UNITED STATES DISTRICT COURT**

*Eastern District of California*

*Criminal Division*

THE UNITED STATES OF AMERICA

*vs.* **No Bail Warrant Pending Hearing**

JAMES SUTHERLAND

---

I N D I C T M E N T

**VIOLATION(S):** 18 U.S.C. § 1956(a)(3) – Money Laundering
18 U.S.C. § 982(a)(1) – Criminal Forfeiture

---

*A true bill,*

**/s/ Signature on file w/AUSA**

*Foreman.*

*Filed in open court this* 25th *day*

*of* June *, A.D. 2026*

/s/ L. Kennison

*Clerk.*

---

**No Bail Warrant Pending Hearing**

*Bail, $* __________

---

GPO 863 525

2:26-cr-0108-DC

**United States v. JAMES SUTHERLAND**
**Penalties for Indictment**

**COUNTS ONE THROUGH FOUR:**

VIOLATION: 18 U.S.C. § 1956(a)(3) – conducting a financial transaction with property represented to be proceeds of a specified unlawful activity

PENALTIES: up to 20 years in prison; or
Fine of up to $500,000; or both fine and imprisonment
Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 per count (mandatory)

**FORFEITURE ALLEGATION:**

VIOLATION: 18 U.S.C. § 982(a)(1) - Criminal Forfeiture

PENALTIES: As stated in the charging document